**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PHILLIP WOOD,                         :
                                      :      Civil Action No. 05-5003 (JBS)
            Plaintiff,         :
                                      :
            v.                        :      **OPINION**
                                      :
DEPARTMENT OF CORRECTIONS,     :
et al.,                               :
                                      :
            Defendants.        :

**APPEARANCES:**

Plaintiff pro se
Phillip Wood
Ann Klein Forensic Center
P.O. Box 7717
West Trenton, NJ 08628

**SIMANDLE,** District Judge

    Plaintiff Phillip Wood seeks to bring this action in forma
pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his
constitutional rights.  Based on his affidavit of indigence, the
Court will grant Plaintiff's application to proceed in forma
pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of
the Court to file the Complaint.

    At this time, the Court must review the Complaint to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff is a civilly-committed mental patient.[1]  He alleges that, following his release upon completion of a criminal sentence, the Camden County Superior Court unlawfully ordered him taken back into custody on the ground that he had been released by mistake and, instead, should have been re-committed.  He names as defendants the Department of Corrections, public defender John Doe, and prosecutor Ron Roe.  Plaintiff seeks release and compensatory damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff is a frequent litigator in this Court. Plaintiff has been in the custody of the State of New Jersey, pursuant to the authority of State v. Krol, 68 N.J. 236 (1975), having been found not guilty of homicide by reason of insanity and having been adjudicated dangerous to others.  He has been diagnosed as suffering from paranoid schizophrenia and has been on Krol status since 1981.  See Wood v. Main, Civil Action No. 00-3060 (SRC).  Plaintiff has brought at least three other civil rights actions challenging his civil commitment.  See Wood v. Smith, 05-1446 (FLW); Wood v. Wood-El, 05-1447 (RBK); Wood v. Dept. of Corrections, 05-4947 (SRC).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but

3

must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg

County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

IV.   ANALYSIS

Plaintiff's challenge to the lawfulness of his confinement must be brought as a habeas action, following exhaustion of his state remedies.   See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475 (1973); Souder v. McGuire, 516 f.2d 820, 823 (3d Cir. 1975).

Any claim for damages due to unlawful confinement is premature until such time as the judgment pursuant to which Plaintiff is confined has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.   See   Heck v. Humphrey, 512 U.S. 477 (1994).

Court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties.   Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, 459 U.S. 916 (1982).   Cf. Tower v. Glover, 467 U.S. 914, 923 (1984) ("state public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights").

Although not "immune" from suit or liability, an attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors."  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. at 325.  Plaintiff has not alleged any conduct by his public defender that falls outside the scope of his duties representing Plaintiff.  Accordingly, the claim against the public defender must be dismissed.

V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed.  It does not appear that Plaintiff could cure the deficiencies of the Complaint by amendment at this time.  An appropriate order follows.

 **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **April 17, 2006**

6